*89 N. J. Eq.*　　　　　　Runkle *v.* Smith.

HENRY G. RUNKLE et al.

*v.*

WILLIAM E. R. SMITH, executor, &c., et al.

[Decided March 5th, 1918.]

1. Where a beneficiary of a trust assigned his interest to secure a loan and gave the assignee a bonus in excess of six per cent., the excess is not enforceable either against the debtor or other assignees of the debtor.

2. Where the assignment was made in another state but was to be performed in New Jersey, and depended for enforcement on the court of chancery of New Jersey, the law of New Jersey as to usury must control.

3. The defence of usury may be interposed either by the debtor or his privies.

On bill, &c. Conclusions on claim of the Logan Trust Company.

*Messrs. McCarter & English (Mr. Arthur F. Egner, of counsel), for William A. Marburg.*

*Mr. V. Claude Palmer, for the Logan Trust Company.*

LANE, V. C.

The facts are undisputed. William Runkle died January 31st, 1914. By his will the residuary estate went to Harry G. Runkle. There was also created a trust fund of $750,000, the income of which, during their lives, was to go to Harry G. Runkle, Daniel Runkle and Mary Gray Runkle. For a considerable time there was litigation over the estate so that it could not be closed and no moneys could be distributed. Harry G. Runkle immediately after the death of William proceeded to realize moneys upon his interest, borrowed large sums from numerous individuals, I think fifteen or twenty, and as security executed to them assignments of his interest in the estate. On or about the 7th day of

January, 1915, he executed an assignment to the Logan Trust Company of his interest in the residuary estate purporting to secure the repayment of the sum of $73,000. On the same date he and Daniel Runkle and Mary Gray Runkle executed assignments of their interests in the trust fund. It may be that there was but one assignment, but that fact is immaterial. All three did assign to the Logan Trust Company to secure the repayment of the sum of $73,000, all their interests in the estate. The Logan Trust Company promptly filed the assignment, or assignments, or notice thereof with the Fidelity Trust Company, which was at that time acting as trustee under the provisions of the will creating the trust fund of $750,000 and as administrator *pendente lite* of the estate. Runkle borrowed from many others large sums of money and he, together with Daniel Runkle and Mary Gray Runkle, assigned, as security for the repayment of these other sums, interests in the estate, with the result that the residuary interest of Harry G. Runkle is, by several hundreds of thousands of dollars, less in extent than sufficient to satisfy the amounts due under the numerous assignments, and it is extremely problematical whether the income accruing upon the trust fund during the joint lives of the three interested therein will be sufficient to satisfy the amounts due under the assignments made of such proceeds.

It is conceded that of the $73,000, purporting to be secured by the assignment held by the Logan Trust Company, $7,300 was retained by that concern as bonus for making the loan. It is insisted by subsequent assignees that the Logan Trust Company cannot recover more than the amount it advanced with legal interest, or, in other words, that from the amount of its claim, $7,300 must be deducted. The insistence of the Logan Trust Company is that the contract was made in Pennsylvania; that it is to be enforced in accordance with the Pennsylvania law as established by the courts of that state; that, while, conceding that the original debtor, Harry G. Runkle, could not be compelled to pay the $7,300, the courts of Pennsylvania have established the rule that the defence of usury is personal to the debtor, and he alone can set it up.

The Pennsylvania statute, with respect to usury, is substan-

tially similar to that in this state. It provides *inter alia:* Section 1. That the lawful rate of interest for the loan or use of money, in all cases where no express contract shall have been made for a less rate, shall be six per cent. per annum. * * * Section 2. That when a rate of interest for the loan or use of money, exceeding that established by law, shall have been reserved or contracted for, the borrower or debtor shall not be required to pay to the creditor the excess over the legal rate.

By a further provision the debtor is given the right, if he has already paid the excess, to, within a limited space of time, obtain its return.

It, therefore, clearly appears that the contract for the payment of more than six per cent. was in direct violation of the usury laws of the State of Pennsylvania and contrary to the public policy as established by legislation of both that state and this. It could not have been enforced against the debtor even if the interpretation put upon the Pennsylvania decisions by counsel for the trust company be correct. If the contract is to be governed by the laws of this state it could not be enforced either against the debtor or his privies. *Cummins* v. *Wire, 6 N. J. Eq. 73; Warwick* v. *Marlatt, 25 N. J. Eq.* (at *p. 192*) ; *Brolasky* v. *Miller, 8 N. J. Eq. 790; 9 N. J. Eq. 814; Pinnell* v. *Boyd, 33 N. J. Eq. 600; Hackensack Water Co.* v. *DeKay, 36 N. J. Eq. 566.*

The party now seeking to set up the invalidity of the contract did not take his assignment expressly subject to the assignment of the Logan Trust Company. I have examined with care the very numerous opinions cited by counsel on both sides from the State of Pennsylvania, and while it is true that there are several which indicate that, in the absence of proof, that the defence of usury was not made by the debtor with intent to defraud creditors, a judgment obtained against a debtor upon a usurious contract will not, at the instance of subsequent judgment creditors or others in privy with the debtor, be set aside. I am far from convinced that the Pennsylvania courts have gone to the extent of holding that in a case such as this where the creditor is endeavoring to enforce in a court of equity an equitable assignment, cognizable only in equity, the creditor will be permitted

as against those in privy with the debtor to recover more than
the amount actually advanced with legal interest, and I am un-
willing to hold that its courts of equity can be stirred to enforce
such a contract.  See *Powers* v. *Chaplain, 30 N. J. Eq. 17.*  But
be that as it may be, it seems to me to be clear that, assuming the
contract to have been made in Pennsylvania, but to be performed
in this state and requiring for the enforcement of its perform-
ance the action of this court, the question as to by whom the de-
fence of illegality can be set up is governed by the law of this
state.  The facts are very similar to those dealt with by Judge
Chatfield in *Stotesbury* v. *Huber, 237 Fed. Rep. 413.*

The result is that the claim of the Logan Trust Company will
be reduced to the extent of $7,300, and an order advised direct-
ing the distribution of the sum of $7,300 with its accumulations
now reserved by the executor under a prior order to the creditor
next in order of priority.